**LAW OFFICES OF KIMBERLY A. ECKERT**
1050 East Southern Avenue Suite A3
Tempe, Arizona  85282
(480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Tomasena Powell an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Transdev Alternative Service, Inc., a foreign corporation doing business in Arizona,<br><br><br>    Defendants. | Case No.<br><br>**Complaint**<br><br>**(Jury trial requested)** |

Plaintiff Tomasena Powell, hereby files her Complaint against Defendant and alleges as follows:

1. Plaintiff Tomasena Powell ("Powell") is an individual and at all relevant times was a resident of Maricopa County, Arizona, currently a resident of Pinal County.

2. Defendant Transdev Alternative Service, Inc., ("Transdev") is a foreign corporation doing business in Arizona.

3. The acts or omissions giving rise to the claim occurred in Maricopa County, which is located in the District of Arizona.  Venue is therefore appropriate.

1

4. This Court has original jurisdiction over all civil actions arising under the Constitution of the United States, as well as laws and treaties of the United States pursuant to 28 U.S.C. § 1331.and 42 U.S.C. § 2000e-2(a). This action is in part based on alleged discrimination/ retaliation and the U.S. Constitution, and thus, jurisdiction in Arizona District Court is appropriate.

5. The Arizona District Court also has supplemental jurisdiction over all other related claims which stem from the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. §§ 1331 and 1367.

6. Plaintiff demands a jury trial on all issues triable by a jury.

7. A Right to Sue was issued by the EEOC on April 14, 2023 in EEOC 540-2021-04195 and 540-2022-04797 and on May 30, 2023 for the termination claim, EEOC 540-2023-03910

8. Plaintiff is a Black female who began working for Defendant on or about February 10, 2020. Despite being a qualified Black female, she was discriminated against and denied job opportunities and terminated based on her race and retaliated against for her complaints.

EEOC Charge 540-2021-04195

9. Powell was hired as a CDL Driver and during her employment, she was denied special assignments which included overtime, training and an expense paid transfer to another state. Other employees who we were not in a protected class were offered those opportunities.

2

10. She subsequently complained to Human Resources (HR) and then was granted overtime.

11. In March of 2021, Transdev offered a relocation package to employees willing to relocate to Texas.

12. After expressing her interest to her manager Joe Skelton, she was not selected for the relocation incentive; but two male employees with less seniority were awarded the relocation package.

13. In June 2021, Transdev offered a special assignment and Powell's co-worker was selected; however, he was unable to take the assignment.

14. Powell's co-worker was told to find an experienced driver to take the assignment and he recommended Powell to Joe Skelton who responded "no Tomasena could not cover for him."

15. Transdever had also offered special training in July 2021 for the Single Driver program, again Powell requested the assignment and was denied.

16. Powell complained to HR and asked why other CDL Drivers were placed into the program.

17. Powell was denied opportunities for training, relocation, and advancement while white male CDL Drivers with less experience and seniority who were not members of a protected class were given these opportunities.

EEOC Charge : 540-2022-04797

18. In October 2021, a male Transdev employee stated that "Tomasena just wants to get tea bagged."

19. Powell complained to HR about the sexual harassment.

20. In December 2021, Powell bid on a new schedule based on seniority.

21. Transdev gave preferential treatment with the schedule to less senior Truck Drivers who are outside of her protected class.

22. In February 2022, male employees played a comedy sketch on television where the comedian spoke about race and his penis.

23. Powell complained to HR about the sexual and racial commentary.

24. On June 2, 2022, Powell was given disciplinary action and placed on administrative leave without cause.

25. She returned to work on June 14, 2022.

26. On June 6, 2022, Transdev's attorney called Powell to ask questions about the October 2021 tea bag comment.

27. On Jun 19, 2022, Powell was given disciplinary action.

28. On August 3, 2022, Powell was given disciplinary action and placed on a another two-day suspension.

EEOC Charge 540-2023-03910

29. On August 11, 2022, Powell filed a second charge of discrimination with the EEOC against Transdev claiming that she was discriminated against on the basis of

4

sex and race, and retaliated against in violation of Title VII of the Civil Rights Act of 1964.

30. On September 1, 2022, Powell was placed on administrative leave.

31. On September 8, 2022, Powell was terminated.

COUNT ONE
Sex Discrimination
(Federal law)
EEOC Charge 540-2021-04195

32. Plaintiff adopts and incorporates all allegations in the paragraphs above.

33. Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 (sex, national origin), Defendant had more than 15 employees at all times relevant to these claims.

34. Here, Plaintiff was discriminated against in the workplace when she was denied special assignments which included overtime, training and an expense paid transfer, due to her female sex.

35. Plaintiff as a female belonged to a protected class, she was qualified for the position given her years of employment and good work history, she was subjected to an adverse employment action when she was denied job opportunities, and similarly situated men were treated more favorably.

36. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT TWO
Sex Discrimination
(State law)
EEOC Charge 540-2021-04195

5

37. Plaintiff adopts and incorporates all allegations above in paragraphs above.

38. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination including sex/gender discrimination under A.R.S. § 41-1463.

39. ACRA defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin or disability in failing or refusing to hire an individual; discharging an individual; classifying employees; or advertising for employment; as well as discrimination against an employee or applicant based on his or her participation in an enforcement proceeding against the employer. §§ 41-1463(B), 41-1464.

40. Plaintiff was discriminated against as she was denied special assignments which included overtime, training and an expense paid transfer despite being qualified for the positions and male employees were treated differently.

41. Plaintiff was damaged by the Defendant when she was discriminated against and terminated from her position.

COUNT THREE
Racial Discrimination
(Federal law)
EEOC Charge 540-2021-04195

42. Plaintiff adopts and incorporates all allegations above in paragraphs above.

43. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . .." 42 U.S.C. § 2000e-2(a)(1).

44. "Title VII prohibits both intentional discrimination (known as `disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as `disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

45. A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

46. Here, Plaintiff was discriminated against in the workplace when she was denied special assignments which included overtime, training and an expense paid transfer due to her race while others were treated more favorably.

47. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT FOUR
Racial Discrimination
(State law)
EEOC Charge 540-2021-04195

48. Plaintiff adopts and incorporates all allegations above in paragraphs above.

49. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination and defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin.

50. Plaintiff was discriminated against when she was denied special assignments which included overtime, training and an expense paid transfer. despite being qualified for the positions and male employees were treated differently due to her race.

51. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT FIVE
Sex Discrimination
(Federal law)

EEOC Charge : 540-2022-04797

52. Plaintiff adopts and incorporates all allegations in paragraphs above.

53. Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 (sex, national origin), Defendant MCCCD had more than 15 employees at all times relevant to these claims.

54. Here, Plaintiff was discriminated against in the workplace when she was disciplined due to her sex/gender and similarly situated men were treated more favorably.

55. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT SIX
Sex Discrimination
(State law)
EEOC Charge : 540-2022-04797

56. Plaintiff adopts and incorporates all allegations in paragraphs above.

57. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination including disability discrimination under A.R.S. § 41-1463.

58. ACRA defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin or disability in failing or refusing to hire an individual; discharging an individual; classifying employees; or advertising for employment; as well as discrimination against an employee or applicant based on his or her participation in an enforcement proceeding against the employer. §§ 41-1463(B), 41-1464.

59. Plaintiff was disciplined after complaining about being discriminated against and male employees were treated differently.

60. Plaintiff was damaged by the Defendant when she was discriminated against by Defendant.

COUNT SEVEN
Racial Discrimination
(Federal law)
EEOC Charge : 540-2022-04797

61. Plaintiff adopts and incorporates all allegations in paragraphs above.

62. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . or national origin." 42 U.S.C. § 2000e-2(a)(1).

63. "Title VII prohibits both intentional discrimination (known as `disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as `disparate

impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).   56.   A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

64.   Here, Plaintiff was discriminated against in the workplace when she was disciplined due to her race after she complained about discrimination while others were treated more favorably.

65.   Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT EIGHT
Racial Discrimination
(State law)
EEOC Charge : 540-2022-04797

66.   Plaintiff adopts and incorporates all allegations in paragraphs above.

67.   A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination and defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin.

68.   Plaintiff was discriminated against when she was disciplined due to her race while others were treated more favorably..

69.   Plaintiff was damaged by the Defendant in violation of law.

COUNT NINE
Retaliation
(Federal law)
EEOC Charge : 540-2022-04797

70. Plaintiff adopts and incorporates all allegations in paragraphs above.

71. Under a Title VII retaliation claim, a plaintiff must plausibly allege that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Coleman v. Home Health Resources, Inc.*, 269 F. Supp. 3d 935, 941 (D. Ariz. 2017).

72. Here, Plaintiff was discriminated against in the workplace when she was disciplined after complaining about discrimination.

73. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT TEN
Retaliation
(State law)
EEOC Charge : 540-2022-04797

74. Plaintiff adopts and incorporates all allegations in paragraphs above.

75. Under .A.R.S. §§ 23-1501(A)(3)(a)-(c), retaliation for complaining about discrimination is prohibited under state law.

76. Here, Plaintiff was discriminated against in the workplace after complaining about discrimination,

77. Ms. Powell she was disciplined after complaining.

78. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT ELEVEN

Sex Discrimination
(Federal law)
EEOC Charge 540-2023-03910

79. Plaintiff adopts and incorporates all allegations in paragraphs above.

80. Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 (sex, national origin), Defendant had more than 15 employees at all times relevant to these claims.

81. Here, Plaintiff was discriminated against in the workplace when she was terminated due to her female sex/gender.

82. Plaintiff as a female belonged to a protected class, she was qualified for the position given her years of employment and good work history, she was subjected to an adverse employment action when she was terminated, and similarly situated men were treated more favorably.

83. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT TWELVE
Sex Discrimination
(State law)
EEOC Charge 540-2023-03910

84. Plaintiff adopts and incorporates all allegations in paragraphs above.

85. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination including sex discrimination under A.R.S. § 41-1463.

86. ACRA defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin or disability in failing or refusing to hire an individual; discharging an individual; classifying employees; or advertising for employment; as well as discrimination against an employee or applicant based on his or her participation in an enforcement proceeding against the employer. §§ 41-1463(B), 41-1464.

87. Plaintiff was discriminated against as she was terminated from her position despite being qualified for the position and male employees were treated differently.

88. Plaintiff was damaged by the Defendant when she was discriminated against and terminated from her position.

COUNT THIRTEEN
Racial Discrimination
(Federal law)
EEOC Charge 540-2023-03910

89. Plaintiff adopts and incorporates all allegations in paragraphs above.

90. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . or national origin." 42 U.S.C. § 2000e-2(a)(1).

91. "Title VII prohibits both intentional discrimination (known as `disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as `disparate

impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).   56.   A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

92. Here, Plaintiff was discriminated against in the workplace when her employment was terminated due to her race.

93. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT FOURTEEN
Racial Discrimination
(State law)
EEOC Charge 540-2023-03910

94. Plaintiff adopts and incorporates all allegations in paragraphs above.

95. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination and defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin.

96. Plaintiff was discriminated against when she was terminated due to her race.

97. Plaintiff was damaged by the Defendant when she was terminated from her position.

COUNT FIFTEEN
Retaliation
(Federal law)
EEOC Charge 540-2023-03910

98. Plaintiff adopts and incorporates all allegations in paragraphs above.

99. Under a Title VII retaliation claim, a plaintiff must plausibly allege that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Coleman v. Home Health Resources, Inc.*, 269 F. Supp. 3d 935, 941 (D. Ariz. 2017).

100. Here, Plaintiff was discriminated against in the workplace when she was terminated after complaining to Defendant about her discrimination.

101. Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT SIXTEEN
Retaliation
(State law)
EEOC Charge 540-2023-03910

102. Plaintiff adopts and incorporates all allegations above in paragraphs above.

103. Under A.R.S. §§ 23-1501(A)(3)(a)-(c), retaliation for complaining about discrimination is prohibited by Arizona law.

104. Here, Plaintiff was discriminated against in the workplace when she was terminated after complaining to human resources about the treatment she was experiencing.

105. Ms. Powell's complaints should have been pursued against those violating her rights, however, after she complained, she was terminated.

106. Plaintiff was damaged by the actions of the Defendant in violation of law.

PUNITIVE DAMAGES

107. In committing the above referenced acts, Defendant acted with an evil mind consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others. The actions constituted an evil mind.

**PRAYER FOR RELIEF:**

WHEREFORE, for the foregoing reasons, Plaintiff requests the following against Defendant:

A. Judgment in favor of Plaintiff in an amount to be proven at trial, including compensatory damages, loss of income, emotional damages; loss of wages; and diminution in earning capacity;

B. Pre and post judgment interest at the highest permissible rate;

C. Reasonable attorneys' fees and costs to the extent allowed under State and Federal law;

D. Trial by jury as to all issues so triable; and,

E. For such relief to which Plaintiff is entitled and is just and proper.

DATED this 10th day of July, 2023.

By: /s/ Kimberly A. Eckert
Law Offices of Kimberly A. Eckert
Attorney for Plaintiff